JUDGE PATTERSON

14 CV 1208

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael Nesbitt,

       Plaintiff,

v.

Sirius XM Radio Inc.,

       Defendants.

Civil Action No.:



CLASS ACTION COMPLAINT

For his Class Action Complaint, Plaintiff, Michael Nesbitt, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## JURISDICTION

1. Plaintiff, Michael Nesbitt ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Sirius XM Radio Inc. ("Sirius" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Sirius is in the business of satellite radio content and equipment production and marketing.

3. As part of its marketing it uses robo-dialing systems to bombard persons with telephone calls.

4. Plaintiff is such a person and he seeks relief for himself and all others similarly situated for Sirius' unlawful behavior.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

*Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

6. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

7. Venue is proper in this District. Defendant is a foreign limited liability company with a worldwide headquarters located at 1221 Avenue of the Americas, New York City, New York. Defendant regularly, and at all times relevant herein, conducted business in the state of New York and New York county.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Sterling, Virginia, and is a "person" as defined by 47 U.S.C. § 153(10).

9. The Defendant, Sirius XM Radio Inc. ("Sirius"), is a New York business entity with an address of 1221 Avenue of the Americas 36th Floor New York, New York 10020, and is a "person" as defined by 47 U.S.C. § 153(10).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

10. The TCPA regulates, among other things, the use of automated telephone dialing systems.

11. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.

2

12. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

13. "Prior express written consent" means that there must be a written agreement, signed by the person receiving the call or text, with a "clear and conspicuous disclosure" that specifically authorizes the seller to send telemarketing communications using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

14. In or around January 2014, Sirius began placing calls to Plaintiff's cellular telephone number, number 724-xxx-7786.

15. Sirius placed the calls from number 855-378-6698.

16. Sirius placed repeated calls to the Plaintiff including, but not limited to, on the following dates: January 4th, January, 5th, January, 7th and January 8th (2 calls).

17. Sirius obtained Plaintiff's telephone number through unknown means.

18. At no time did Plaintiff ever provide his cellular telephone number to Sirius.

19. At no time did Plaintiff ever enter into a business relationship with Sirius.

20. At no time did Plaintiff provide Sirius prior written consent for it to call his cellular phone.

21. The calls placed to Plaintiff's cellular phone were made with an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) using an "artificial or prerecorded voice."

22. The ATDS has the capacity to store and produce telephone numbers to be called, using a random or sequential number generator.

23. The telephone number called by Sirius was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24. The calls from Sirius to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ACTION ALLEGATIONS

### A. The Class

25. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

26. Plaintiff represents, and is a member of the following class

**All persons within the United States who received any telephone calls from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or prerecorded voice within the four years prior to the filing of the Complaint.**

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

### B. Numerosity

29. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without

4

their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

C. **Common Questions of Law and Fact**

31. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

   b. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice;

   c. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

   d. Whether Defendant's conduct was knowing willful, and/or negligent;

   e. Whether Defendant is liable for damages, and the amount of such damages; and

   f. Whether Defendant should be enjoined from such conduct in the future.

32. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D. **Typicality**

33. Plaintiff's claims are typical of the claims of the Class members, as they are all

based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

34. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

35. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Sirius is small because it is not economically feasible for Class members to bring individual actions.

36. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

### COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

37. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

38. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

39. Each of the aforementioned calls by Defendant constitutes a negligent violation of

6

the TCPA.

40. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

42. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

43. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

44. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

45. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 18, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff